OPINION
Lynn Cross, fka Lynn Brandle, appeals from a judgment of the Clark County Court of Common Pleas, Domestic Relations Division, which granted Douglas Brandle's motion for change of custody of the parties' three children.
Brandle and Cross were divorced in 1990, and Cross was named the residential parent of their three children: Terah, Jennifer, and Nicholas. On February 11, 1999, Brandle filed an ex parte
motion for temporary custody of the children which alleged substance abuse problems and criminal activity on the part of Cross. The trial court granted the motion. Cross filed a motion to vacate the ex parte order, which the trial court overruled after a hearing. On July 21 and 23, 1999, the trial court conducted a hearing on Brandle's motion for change of custody. At the time of the hearing on the motion for change of custody, Terah was 16, Jennifer was 14, and Nicholas was 10.
The evidence presented at the hearing established the following.
The parties had lived at 119 Willis Avenue during their marriage, and Cross continued to reside there with the children through the time of the hearing. Since the parties' divorce, Cross had entered into another marriage of seven years, which had ended in a dissolution. For approximately two years beginning in 1994, Cross took pain killers, specifically Vicodan, that had been prescribed for her migraine headaches. After a hysterectomy in 1998, Cross was again prescribed Vicodan. At some point, Cross became addicted to the medication and she engaged in a series of dishonest and even criminal behaviors in order to obtain the drug. In 1995, she was caught shoplifting while her son was with her. In 1997, she was fired by the physician for whom she had worked because she had stolen prescription pads. In 1998, Cross attempted to fill a prescription on which she had forged the number of refills. She also attempted to call a prescription in to a pharmacy for herself. Criminal charges were filed relating to the latter two incidents. She was placed on probation for forging the prescription and was placed in treatment in lieu of conviction for attempting to call in a prescription. With the exception of the shoplifting incident, the children were apparently unaware of these events and of Cross's addiction. Cross began treatment for her addiction in August 1998 and completed treatment in June 1999. She continued to attend Alcoholics Anonymous at the time of the hearing. Cross maintained that she had never lost control of herself or endangered the children while she was addicted to Vicodan.
Brandle had worked for the same company for nine years and had received promotions, while Cross had frequently moved from job to job in recent years. Brandle had visited with the children regularly since the parties' divorce and had seen the children more frequently than provided by the standard visitation order by agreement with Cross. Brandle was a practicing Catholic and sent the children to religious education classes when they were visiting with him. Cross did not attend church regularly. Brandle appeared to be more strict with the children and to supervise them more closely than Cross.
Each of the parties experienced significant difficulties in his or her relationship with their oldest child, Terah. Terah apparently had a bad attitude and a hot temper which had necessitated police intervention in family disputes at the home of each parent. Terah had had physical confrontations with Cross and claimed to have had physical altercations with Brandle, a claim which Brandle denied. A particular point of contention between Terah and her parents had been her sexual relationship with her boyfriend, Xavier Massie. This sexual relationship apparently included a single act of intercourse, which occurred at Cross's home. At the hearing, Terah expressed a strong desire to live with her mother and expressed hatred for her father. Terah had threatened to kill herself since going to live with Brandle and was in counseling at the time of the hearing.
The two younger children had fewer behavioral problems and had better relationships with their father than Terah did, but they also expressed a desire to live with their mother. The trial court and the guardian ad litem believed that the younger children were very susceptible to influence by Terah and that Terah influenced them in negative ways. The trial court and the guardian ad litem also believed that Cross had coached the children about what to say during their interviews and that she had difficulty veiling her hostility toward Brandle.
Following the hearing, the trial court concluded that there had been a change of circumstances and that it would be in the children's best interests to live with Brandle rather than Cross. Thus, Brandle became the residential parent and Cross was awarded visitation and was ordered to pay child support.
Cross raises one assignment of error on appeal.
THE TRIAL COURT'S DECISION THAT APPELLEE SHOULD BE NAMED RESIDENTIAL PARENT AND LEGAL CUSTODIAN OF THE PARTIES['] THREE (3) CHILDREN WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT IN THE BEST INTERESTS OF THE CHILDREN.
Cross claims that the trial court erred in changing custody of the children because, insofar as her children had been unaware of her addiction and her related criminal behavior, they had not been adversely affected by it. She also claims that the change was not in the children's best interests.
R.C. 3109.04(E)(1)(a) provides:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree * * * that a change has occurred in the circumstances of the child [or] his residential parent * * * and that the modification is necessary to serve the best interest of the child.
The statute further requires that the trial court find that the best interest of the child will be served by the change and that the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child. R.C. 3109.04(E)(1)(a). A trial court's finding of a change in circumstances or finding in relation to the best interest of the child shall not be disturbed on appeal absent an abuse of discretion. Davis v. Flickinger (1997), 77 Ohio St.3d 415,420-421. A trial court must be given wide latitude to consider all issues which might support a change in custody. Id.
at 421.
The trial court found that a change of circumstances had occurred, and Cross does not seem to contest this point. Although the trial court did not identify a specific change, we infer that the trial court viewed Cross's drug addiction and criminal activity as a change in circumstances justifying a renewed look at the best interest of the children. We agree with this assessment.
The trial court further found that it was in the children's best interest for them to live with Brandle rather than Cross. It is primarily this finding to which Cross objects. In our view, this is a close call, but we must defer to the trial court's resolution of this issue because it is closely intertwined with the facts of the case and the credibility of the witnesses. The trial court apparently believed that the stricter environment afforded by Brandle would benefit the children, especially Terah, where behavioral concerns were at issue. The trial court also concluded that Brandle would provide better moral guidance for the children and would not undermine the children's relationship with their mother. The trial court found, from the totality of the evidence, that the children were not particularly well adjusted as a result of living with their mother and that a change in their residential parent was in their best interest. It also concluded that the benefits to the children of the change in custody outweighed the harm likely to be caused by the change. We cannot conclude that the trial court abused its discretion in reaching these conclusions.
The assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.